RIST (CLARKE v.). See Case No. 2,861.

---

## Case No. 11,862.

### RISTON v. CONTENT et al.

[4 Wash. C. C. 476.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1824.

INSOLVENCY —EFFECT OF DISCHARGE—LOCUS OF DEBT.

Action for a debt contracted in Baltimore, on a note dated in Philadelphia. A discharge of defendant under the insolvent law of Pennsylvania will not discharge his person from the debt; and judgment must be entered against him generally.

[Cited in Woodhull v Wagner, Case No. 17,-975.]

The defendants [Simon and Moses Content,] merchants, residing in Philadelphia, purchased

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

of the plaintiff [George Riston], a merchant, residing in Baltimore, in the year 1817, a parcel of goods, for the price of which this suit is brought, and the declaration is for goods sold and delivered. At the same time, or soon after, the defendants gave their two notes of hand for the debt so contracted, dated in Philadelphia. The defendants were afterwards discharged from all their debts under the insolvent law of Pennsylvania, and obtained their certificate as the act directs. The only question was, whether the judgment should be general, or de bonis of the defendant.

Mr. Brown, for plaintiff.
Mr. Hopkinson, for defendant.

WASHINGTON, Circuit Justice. According to the uniform decisions of this court (Serg. Const. Law, 152; [Conard v. Atlantic Ins. Co. of New York], 1 Pet. [26 U. S.] 404; [D'Wolf v. Rabaud] Id. 484), where the debt is contracted out of this state, unless it be made payable in the state, a discharge under the insolvent law of this state is not to be regarded as discharging the person of the defendant. This is admitted by the defendant's counsel. But then, he insists, that the notes being dated in Philadelphia, is evidence that the debt was to be paid here. The court is of a different opinion. The debt was contracted in Baltimore, and the note is only evidence of the contract; it does not distinguish it. The acknowledgment of the debt, whether in writing or by parol, wherever it is made, does not amount to an agreement to pay in the place where the acknowledgment is made; nor can it be so construed. It is evidence of nothing farther than that it was made in that place. Let a judgment be entered.